# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **Criminal Case No.** |
| v. | ) | **08-10288-FDS** |
| | ) | |
| **CHRISTOPHER M. UHL,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER ON DEFENDANT'S MOTIONS TO QUASH ALL SUBPOENAS AND FOR A COURT-ORDERED REPAYMENT SCHEDULE

**SAYLOR, J.**

Defendant Christopher Uhl owes restitution to the Internal Revenue Service and a fine to the U.S. government. In order to collect on this debt, the United States has served subpoenas on several financial institutions to determine whether they are holding any assets for Uhl.

Although Uhl has an attorney of record in this case who has not withdrawn, he has filed two *pro se* motions, one to quash the subpoenas and one requesting a court-ordered repayment schedule. For the following reasons, those motions will be denied.

**I.	Background**

Uhl was convicted of six counts of tax evasion and sentenced to 33 months of imprisonment and 2 years of supervised release. (Docket No. 96, 122). He was also ordered to pay a $7,500 fine and $360,904 in restitution to the Internal Revenue Service. (Docket No. 122). Uhl served his time and his supervised release terminated on May 10, 2014. (Docket No. 131). However, a large portion of the restitution remains unpaid.

The first time the Court heard from Uhl after his supervised release was in July 2015, when he requested some documentation of his progress towards his restitution in connection with

his request to be reinstated to the Connecticut bar. (Docket No. 132). It appears that that led to a disagreement about his payment obligations, as Uhl filed a motion for a written, court-ordered repayment schedule in January 2016. (Docket No. 133). A hearing on that motion was set for October, but continued to December. (Docket Nos. 135, 137, 142). The defendant did not attend the hearing, and the following day the Court entered an order denying the motion, stating that "[b]ecause the term of supervised release has concluded, the Court is without authority to modify its terms." (Docket No. 143). Uhl requested reconsideration of that ruling, but it was denied. (Docket Nos. 166, 176).

Meanwhile, in November 2016, the government filed a motion for a financial examination of Uhl in order to obtain information about his financial circumstances so that the parties could establish an appropriate monthly payment plan. (Docket No. 139). In the months leading up to the examination, Uhl had to be compelled to produce various financial documents that he was reluctant to turn over. (See Docket Nos. 160, 164, 177). The financial examination was held before a magistrate judge on March 2, 2017. (Docket Nos. 179, 180). At various times from 2016-2017, the government has sought and received permission to garnish Uhl's wages. (Docket Nos. 140, 145, 158, 185, 191, 193).

## II. Analysis

As an initial matter, Local Rule 83.5.5(a) does not allow parties who are represented by counsel to appear *pro se*. The motions may be denied on that basis alone. *See United States v. Tracy*, 989 F.2d 1279, 1285 (1st Cir. 1993).

### A. Motion to Quash Subpoenas

The motion to quash the subpoenas will be denied. First, the Mandatory Victims Restitution Act, together with the Federal Debt Collection Practices Act, authorize the Attorney General, when enforcing restitution awards, to use any process available under the Federal Rules

of Civil Procedure in an action on a claim for a debt. 18 U.S.C. §§ 3612, 3613; 28 U.S.C. § 3015(a); *see United States v. Witham*, 648 F.3d 40, 47 (1st Cir. 2011). Rule 69 allows post-judgment discovery of financial information. Fed. R. Civ. P. 69(a)(2) ("In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located.").

Second, defendant has not provided a sufficient reason to quash the subpoenas. He argues that the "new subpoenas issued are redundant and overburden some [sic]" and that they "create an undue burden as all information requested has been provided multiple times." (Def. Mot. to Quash at 1). But the subpoenas do not burden defendant at all as they do not request any information from him. The motion to quash subpoenas will therefore be denied.

B.     **Motion for a Court-Ordered Repayment Schedule**

Defendant's motion for a court-ordered repayment schedule will be denied because the Court has already ruled on this matter. Defendant filed a nearly identical motion on January 7, 2016. (Docket No. 133). The Court denied that motion, stating that "[b]ecause the term of supervised release has concluded, the Court is without authority to modify its terms." (Docket No. 143). The Court also denied defendant's motion for reconsideration. (Docket Nos. 166, 176). Defendant did not appeal that ruling, and the Court will not allow him to relitigate it.

III.    **Conclusion**

For the foregoing reasons, defendant's motions to quash all subpoenas and for a court-ordered repayment schedule are DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor, IV
Dated: April 6, 2018                                 United States District Judge